FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER KEITH ANDREWS,<br><br>Defendant. | NO:  2:22-CR-0057-TOR-2<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  ECF No. 232.  The Court has reviewed the record and files herein and is fully informed.  Because the files and records of the case conclusively show that Defendant is entitled to no relief, the Court **denies** the motion to vacate.

## BACKGROUND

On September 21, 2023, Defendant appeared before the Court and entered a plea of guilty to Count 1 of the Superseding Indictment, charging him with Conspiracy to Commit Wire Fraud.  ECF No. 110.  According to the Plea

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 1

Agreement, Defendant expressly waived his right to file any post-conviction motion attacking his conviction and sentence including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant. *Id*. at ¶ 19.

A Presentence Investigative Report (PSIR) was prepared in this case. Defendant was sentenced to 196-months incarceration.

On December 11, 2025, Defendant filed the instant motion seeking to vacate his conviction. ECF No. 232. Essentially, Defendant contends that he was not responsible for the losses in this case.

The Court finds that the issues raised do not require an evidentiary hearing. *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and materials filed in this proceeding adequately document the issues for resolution.

**A. Waiver of Rights to Appeal and File Any Post-Conviction Motion**

This Court finds Defendant waived his right to file the instant motion. Defendant expressly waived his right to file any post-conviction motion attacking his conviction and sentence including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant. ECF No. 110 at ¶ 19.

**B. Motion to Vacate, Set Aside or Correct Sentence**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 2

may grant relief to a federal prisoner who challenges a sentence of incarceration: (1) "that the sentence was imposed in violation of the Constitution of laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The Supreme Court has repeatedly interpreted this to encompass only errors that constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). While the remedy is in this sense comprehensive, it does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The Presentence Investigation Report captured all the losses and none of that was objected to at the sentencing hearing. Accordingly, Defendant has not established a constitutional violation or other right to relief.

**C. Certificate of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 3

made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 232) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties. This file shall be **CLOSED**.

**DATED** April 10, 2026.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 4